UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61257-CIV-Lenard/Garber

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHIRLEY A. VARNADO, a/k/a
SHIRLEY ANN VARNADO, a/k/a
SHIRLEY A. VARMADO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference of U.S. District Judge Joan A. Lenard. As detailed in the Court's October 13, 2010 Order, the defendant in this case has repeatedly failed to comply with the Court's orders and continues to make herself unavailable for service. (DE 108). The defendant was given one last opportunity to respond to the government's discovery requests on or before October 25, 2010 before the Court would recommend that the District Court enter a final default judgment against the defendant. The defendant failed to comply.

Included in the list of sanctions that a court may impose upon a defendant who refuses to comply with an order or who fails to permit discovery, is the issuance of a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Although Rule 37 confers broad discretion on a court to fashion appropriate sanctions, this discretion is not unbridled. Malautea v. Suzuki Motor Company, Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). That is, a violation of a discovery order caused by negligence, misunderstanding, or the inability to comply will not justify the entry

of a default judgment. Id. The severe sanction of a default judgment is appropriate only as a last resort where, as here, less drastic sanctions will not ensure compliance with the Court's orders. Id. A default judgment sanction requires the finding of a willful or bad faith failure to obey a discovery order. Id. The Court finds that the defendant's refusal to obey was not the result of negligence, misunderstanding, or the inability to comply, but rather has been both willful as well as in bad faith.

The defendant has been given numerous opportunities to comply with the Court's discovery orders. On December 16, 2009, she was ordered to respond to the government's discovery requests and interrogatories by December 31, 2009. (DE 80). She failed to comply. She was then given another opportunity to respond to discovery, in the Court's April 26, 2010 Order, which directed the defendant to address all outstanding discovery issues within thirty days. (DE 98). The defendant again failed to comply. In the meantime, on March 30, 2010, the government filed a motion for contempt. (DE 94). The Court set a hearing on that motion and ordered the government to have a copy of that order served on the defendant. (DE 103). Consistent with previous efforts of service, the attempt to serve the defendant failed, once again, and that hearing was consequently cancelled.[1] (DE 104). The Court then gave the defendant yet another opportunity to comply with its orders, directing the defendant to respond to the government's discovery requests by October 25, 2010 and warning that a failure to timely respond would result in the instant Report and Recommendation recommending the entry of a final default judgment in favor of the government. (DE 108).

As of this date, the defendant has still not complied with the Court's order and continues to make herself unavailable for service. She has, however, filed: (1) a Notice of Filing an Application to Proceed in District Court without Prepaying Fees or Costs (DE 110); and (2) a Response to

---

[1] Service has repeatedly been attempted at the only address the defendant has ever listed, and which she has listed as recently as November 12, 2010 in her last filing with the Court.

Plaintiff's Motion for Contempt (DE 112).  Not only were both the notice and response filed <u>after</u> the Court's October 25, 2010 deadline, but neither filing presents any justification for the defendant's repeated failures to comply or any circumstances that would warrant a finding that entering a default judgment against the defendant would be unjust.  If anything, the defendant's filings demonstrate that she is fully aware of the Court's orders and that she is able to make contact with the Court when it suits her.

Even if the Court were to consider the defendant's late filed response, the arguments presented therein would be unavailing in excusing her non-compliance.  To the extent that the defendant is attempting to justify her noncompliance because the December 16, 2009 order compelling discovery response was unlawful, her claim fails.  She was given multiple opportunities to respond or to show cause why sanctions should not be entered against her for willfully disregarding the Court's orders but she remained silent.  Further, the defendant has not alleged any specific inability to comply with the Court's discovery orders.  Rather, she has affirmatively chosen to disobey them without offering a justification.  Lastly, the Court's orders were clear, definite, and unambiguous, stating with specificity the consequences that would result if the defendant failed to comply.

Based on the foregoing, the Court finds that the defendant has exhibited a willful and bad faith disregard for the Court and the discovery process.  The Court has been generous in granting this pro se  defendant multiple opportunities to comply but she has repeatedly and flagrantly failed to cooperate, even after having attorneys' fees assessed against her.  The Court therefore finds that any lesser sanction than an entry of a default judgment  would not suffice in compelling discovery in this matter.  Accordingly, after careful consideration of the record, and for the reasons set forth above, the undersigned respectfully

RECOMMENDS that the District Court enter a final default judgment in favor of the government for the amount sought plus interest, fees, and costs.

**Pursuant to Local Magistrate Judge Rule 4(b), the parties have TWENTY-ONE DAYS from the date of this Report and Recommendation or FOURTEEN DAYS from the date of service of this Report and Recommendation, whichever occurs sooner, within which to file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. See also 28 U.S.C. § 636.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).**

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 15th day of November 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:
Shirley A. Varnado, Pro Se
8442 S.W. 44th Place
Davie, FL 33328