UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61257-CIV-LENARD/GARBER

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**SHIRLEY A. VARNADO, a/k/a
SHIRLEY ANN VARNADO, a/k/a,
SHIRLEY A. VARMADO,**

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 113), ENTERING DEFAULT JUDGMENT AGAINST DEFENDANT, AND CLOSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of the Magistrate Judge ("Report," D.E. 113), issued on November 15, 2010. The Report recommends the Court enter final default judgment against Defendant for the amount sought plus interest, fees, and costs, as a result of Defendant's willful and bad faith failure to obey the Magistrate Judge's discovery orders. On December 3, 2010, Defendant, *pro se*, filed her objections to the Report ("Objections," D.E. 115). Having considered de novo the Report, Objections, related pleadings, and the record, the Court finds as follows.

    **I.**    **Procedural History**

On September 5, 2007, Plaintiff commenced this lawsuit. The Amended Complaint seeks judgment against Defendant based on an overdue student loan. (See D.E. 24.) On

March 24, 2008, the Court directed the Clerk to enter default against Defendant due to her failure to respond to the Amended Complaint and the Clerk did so the very same day. (See D.E. 27, 28.) On March 25, 2008, Plaintiff filed its motion for final default judgment which the Court granted two days later. (See D.E. 30, 31.) Defendant subsequently appealed (See D.E. 39.)

On October 2, 2009, the Eleventh Circuit issued its Mandate (D.E. 65), vacating the default judgment entered in this case and remanding for further proceedings based on the lack of notice provided to Defendant of the pending default judgment. On October 7, 2009, the Court reopened this case. (See D.E. 66.) On October 16, 2009, the Court referred all discovery matters to the Magistrate Judge and ordered the Parties to confer and submit a joint scheduling report, joint scheduling form, and joint consent form indicating consent or non-consent to jurisdiction by a U.S. Magistrate Judge, within thirty days. (See D.E. 70.)

On November 18, 2009, Plaintiff filed a motion to compel responses to its discovery requests. (See D.E. 74.)

On November 19, 2009, Plaintiff filed a Notice with the Court indicating Defendant was not cooperating in the filing of a joint scheduling report, joint scheduling form, or joint consent form. (See D.E. 78.) Plaintiff indicated that despite obtaining a certified mail receipt the Defendant had never responded to its attempts to confer and file a scheduling report.

On November 23, 2009, the Court issued an Order to Show Cause based upon

2

Plaintiff's representation and the lack of any scheduling progress. (See D.E. 79.) That Order to Show Cause stated, "on or before December 11, 2009, Defendant shall cooperate in completing and filing a Joint Scheduling Report, Joint Scheduling Form, and Consent to Jurisdiction form indicating consent or non-consent to issues before a U.S. Magistrate Judge, or show cause why default should not be entered against Defendant for failure to comply with this Court's orders." Nothing was filed after the Court's Order to Show Cause and prior to December 11, 2009.

On December 16, 2009, the Magistrate Judge issued an Order granting Plaintiff's motion to compel Defendant's response to its requests for production, requests for admission, and interrogatories. (See D.E. 80.)

On December 23, 2009, Plaintiff moved for entry of default against Defendant based upon her lack of cooperation with discovery or scheduling matters. (See D.E. 81.) On January 2, 2010, the Court granted Plaintiff's motion and directed the Clerk to enter default against Defendant. (See D.E. 82.) The Clerk entered default yet again on January 4, 2010. (See D.E. 84.) On January 12, 2010, Plaintiff again moved for default judgment. (See D.E. 87.)

On January 29, 2010, Defendant moved to set aside the entry of default. (See D.E. 88.) On February 25, 2010, the Court granted Defendant's motion, set aside her default, and denied as moot Plaintiff's motion for default judgment. (See D.E. 90.) The Court's February 25, 2010, Order stated, "[t]he Parties are directed to comply with this Court's October 16,

3

2009, Order (D.E. 70), including the filing of a joint scheduling report and form, on or before March 25, 2010. Failure to comply may result in appropriate sanctions."

On March 22, 2010, Plaintiff filed its Motion to Compel Response to Plaintiff's Request for Execution of Joint Scheduling Report. (See D.E. 91.)  In its motion, Plaintiff complained that Defendant was still not responding or attempting to cooperate in scheduling matters and Plaintiff requested a status conference.

On March 25, 2010, the Court granted Plaintiff's Motion to Compel Response to Plaintiff's Request for Execution of Joint Scheduling Report. (See D.E. 92.)  The Court stated, "Defendant is instructed to respond to Plaintiff's request for execution of a joint scheduling report, on or before April 1, 2010, or show cause why default should not be entered against her. Failure to comply may result in appropriate sanctions. The Parties shall then have until April 8, 2010, to file the joint scheduling report and form, and joint consent form." (Id.) The Parties submitted a joint scheduling report later that day, or more than five months after the Court originally issued its Order directing the Parties to confer and submit proposed scheduling dates. (See D.E. 93.)

On March 30, 2010, Plaintiff filed a Motion for Contempt due to Defendant's failure to comply with the Magistrate Judge's discovery orders. (See D.E. 94.) On April 26, 2010, the Magistrate Judge deferred ruling on the Motion for Contempt. (See D.E. 98.)  In its Order, the Magistrate Judge stated, "[i]t appears to the Court that the defendant continues to fail to comply with Orders of this Court regarding her discovery obligations." Accordingly,

the Magistrate Judge directed Defendant to respond to Plaintiff's discovery requests within thirty days and further provided that, "[i]n the event that the defendant fails to comply with this Order and the Court is so notified by the plaintiff, the Court shall enter an Order to Show Cause requiring the defendant to appear before the Court to show cause why she should not be held in contempt for willfully disregarding Orders of this Court." (Id. at 2.) The Magistrate Judge's Order further ordered that "the plaintiff shall have a copy of this Order served upon the defendant and shall provide proof of such service with the Court." (Id.)

On April 27, 2010, Plaintiff filed a certificate of service documenting it had sent to Defendant via regular and certified mail a copy of the Magistrate Judge's April 26, 2010, Order. (See D.E. 99.) Plaintiff indicated it sent the Order to Defendant's address at 8442 S.W. 44th Place, Davie, Florida. This address was the address listed in the Complaint and has been listed by Plaintiff throughout these proceedings. It is the address on file with the Court. It is also the address that Defendant has continuously listed on all of her submissions including her Objections, filed as recently as December 2, 2010. On June 21, 2010, Plaintiff filed a status report indicating that it was having trouble personally serving Defendant with the Magistrate Judge's Order. (See D.E. 100.) On June 28, 2010, the Magistrate Judge provided Plaintiff with an additional thirty days to serve Defendant with the Magistrate Judge's Order. (See D.E. 101.)

On July 1, 2010, Plaintiff filed a second status report indicating it was still unable to personally serve Defendant. (See D.E. 102.) In its status report, Plaintiff indicated it had

5

confirmed with the U.S. Postal Service that no change of address or mail forwarding requests were on file for Defendant's address.  Plaintiff also indicated that property tax records demonstrate Defendant is still the owner of the property at the listed address. Plaintiff further indicated it had not received any mail returned from Defendant's address.

On July 6, 2010, in response to Plaintiff's efforts, the Magistrate Judge issued an Order setting a hearing for July 27, 2010, and stating, "[i]t appears to the Court that the defendant has exhibited a willful refusal to comply with this Court's Orders and provide all discovery sought by the plaintiff. Such conduct is likely in contempt of this Court's Orders." (See D.E. 103.)  The Magistrate Judge further ordered that a copy of the Order be served upon Defendant by the U.S. Marshal Service.

On July 27, 2010, the Magistrate Judge cancelled the scheduled hearing upon word from Plaintiff's counsel that the U.S. Marshal's Service had been unsuccessful in serving Defendant.  (See D.E. 104.)  On July 28, 2010, the U.S. Marshal's Service filed its return of un-executed service, demonstrating its several unsuccessful attempts to serve Defendant. (See D.E. 105.)

On October 13, 2010, the Magistrate Judge granted Plaintiff's Motion for Contempt in part, stating:

> Varnado has repeatedly refused to permit discovery to proceed in this matter. She failed to comply with the Court's December 16, 2009 Order (DE 80) compelling her to respond to the government's discovery requests and interrogatories on or before December 31, 2009. She then failed to comply with the Court's April 26, 2010 Order (DE 98), again compelling her to address all outstanding discovery issues, this time within thirty days. In the

6

Court's April 26, 2010 Order, Varnado was warned that if she did not comply, the Court would enter an Order to Show Cause requiring her to appear before the Court to show cause why she should not be held in contempt for willfully disregarding the Court's orders. (DE 98.) The government was directed to have a copy of that order served on Varnado. (Id.)

In accordance with that direction, the government sent a copy of the order to Varnado, at the only address she has ever provided to the Court, via both regular and certified mail. (DE 100.) Though the government received verification from the United States Postal Service that there was no change of address or forwarding address on file for Varnado, the certified correspondence was returned "unclaimed." (DE 100 and 102.) The correspondence sent via regular mail, on the other hand, has not been returned. (DE 102.) Additionally, Varnado did not make herself available for personal service and therefore the government's attempt in that regard was also unsuccessful. (DE 100.)

Upon receiving the government's July 1, 2010 status report regarding the failure of service, the Court determined that Varnado was likely in contempt in that she had repeatedly exhibited, and continues to exhibit, a willful refusal to comply with the Court's orders and has failed to provide any of the discovery sought by the government. (DE 103.) Accordingly, the Court set a hearing on the government's motion for contempt and again ordered that the government have a copy of that order served on Varnado by the United States Marshal Service. (Id.) Consistent with previous efforts, the attempt to serve Varnado failed, once again, and that hearing was consequently cancelled. (DE 104.) Based on the foregoing and Varnado's pattern of willful disregard of this Court's orders and her repeated refusal to permit discovery or to allow service the Court hereby ORDERS as follows:

1. The government's Motion for Contempt [94] is hereby GRANTED in part such that:

> a. Varnado shall respond to the government's discovery requests on or before October 25, 2010. Should she fail to do so, the Court will enter a Report and Recommendation recommending that the District Court enter a final default judgment in favor of the government for the amount sought plus interest, fees, and costs.
>
> b. The additional fees and costs incurred by the government in

7

> preparing its March 30, 2010 Motion for Contempt shall be assessed against Varnado.
>
> 2. The government shall attempt to have a copy of this Order served on the defendant Shirley A. Varnado by the United States Marshal Service at 8442 SW 44th Place, Davie, FL 33328 and shall file proof of service, or failure thereof, in this cause.

(D.E. 108 at 1-3.)

On October 25, 2010, Defendant filed an Application to Proceed in Forma Pauperis. (See D.E. 110.) The Magistrate Judge denied that application on October 27, 2010. (See D.E. 111.) On November 12, 2010, Defendant filed her response to Plaintiff's Motion for Contempt. (See D.E. 112.)

### II.     Report and Objections

On November 15, 2010, the Magistrate Judge issued his Report. The Report finds that "the defendant's refusal to obey was not the result of negligence, misunderstanding, or the inability to comply, but rather has been both willful as well as in bad faith." (Report at 2.) The Report further finds that Defendant's late filings "demonstrate that she is fully aware of the Court's orders and that she is able to make contact with the Court when it suits her." (Id. at 3.) Finally, the Magistrate Judge further found that "any lesser sanction than an entry of a default judgment would not suffice in compelling discovery in this matter." (Id.)

On December 2, 2010, Defendant filed her Objections. Construing Defendant's *pro se* pleading liberally, she claims the Report is clearly erroneous or contrary to law because there is no clear and convincing evidence that she had knowledge of the Court's orders and

the Magistrate Judge's orders are incorrect because there was no right to discovery in aid of execution.

### III.   Discussion

Although the underlying discovery motions are governed by Rule 72(a) of the Federal Rules of Civil Procedure, the Court will address this matter de novo pursuant to Rule 72(b) as the Magistrate Judge's Report is dispositive of this case. Additionally, a review of the Magistrate Judge's application of the law is de novo, as the "application of an improper legal standard . . . is never within a court's discretion." Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002) (citing Univ. of Georgia Athletic Ass'n v. Laite, 756 F.2d 1535 (11th Cir. 1985)).

Pursuant to Rule 37(b), the Court may issue a default judgment against a disobedient party. FED. R. CIV. P. 37(b)(2)(A)(vi). As the Magistrate Judge noted, a "default judgment sanction requires a willful or bad faith failure to obey a discovery order." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). The record in this case provides overwhelming evidence of Defendant's bad faith and willful failure to obey the Court's orders. Moreover, Defendant's objections that the Magistrate Judge's discovery orders were invalid are without merit as the discovery orders she ignored were pre-judgment orders compelling her to engage in discovery. Even if it were somehow reasonable for her to think the Magistrate Judge's orders were invalid, other avenues were available to her other than evasion and non-compliance. Accordingly, consistent with this Order, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of Magistrate Judge Barry L. Garber (D.E. 113), issued on November 15, 2010, is **ADOPTED**;

2. Default judgment is **ENTERED** against Defendant Shirley A. Varnado, a/k/a Shirley Ann Varnado, a/k/a Shirley A. Varmado, and Plaintiff is directed to submit a proposed order entering default final judgment within fourteen (14) days of the date of this Order;

3. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of December, 2010.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**