UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61257-CIV-Lenard/Garber

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHIRLEY A. VARNADO, a/k/a
SHIRLEY ANN VARNADO, a/k/a
SHIRLEY A. VARMADO,

    Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court by order of reference from United States District Judge Joan A. Lenard. Pursuant to such reference, the Court has received plaintiff United States of America's Motion for Prevailing Party Attorney's Fees [DE 131] and Motion to Compel Response to Plaintiff's First Request for Production in Aid of Execution [DE 141]; and defendant Shirley A. Varnado's Motion and Memorandum of Law for Protective Order, Stay and Objections to Plaintiff's First Request for Production in Aid of Execution [DE 143] and Motion to Strike Plaintiff's Motion to Compel in Response to Plaintiff's First Request for Production in Aid of Execution [DE 145]. The government has filed a response addressing both of Varnado's motions. [DE 148.] The Court hereby ORDERS Varnado to comply with the government's request for production within TEN DAYS of the date of this Order, and GRANTS the government's Motion for Prevailing Party Attorneys' Fees.

I.      **Background**

On October 1, 1998, Varnado secured a student loan from the U.S. Department of Education. (DE 24, Ex. A.)  She defaulted on February 15, 2002.  (*Id.*)  On September 5, 2007, the government sued to recover the debt.  (DE 118 at 1.)

In 2008, the district court entered a default judgment against Varnado because she failed to answer the government's Amended Complaint.  (DE 30, DE 31.)  The Eleventh Circuit then vacated the default judgment and remanded.  *United States v. Varmado*, 342 F. App'x 437 (11th Cir. 2009). The Eleventh Circuit held that the district court abused its discretion by denying Varnado's motion to set aside the default judgment because

> the defendant was *pro se*; she was not given proper notice that default judgment would be issued against her; any delay was slight; there was no evidence of willful misconduct or intentionally dilatory tactics; and she advanced what could be liberally construed as a meritorious defense at this early stage of the proceedings.

*Id.* at 441.

Over the ensuing year and a half, Varnado repeatedly ignored discovery and scheduling deadlines.  (DE 118 at 2-7.)  She consistently evaded service of process, but nonetheless managed to file, among other things, a response to the government's Motion for Contempt, prompting the Court to determine that her "filings demonstrate that she is fully aware of the Court's orders and that she is able to make contact with the Court when it suits her."  (DE 113 at 3.)  Finding "overwhelming evidence of Defendant's bad faith and willful failure to obey the Court's orders" (DE 118 at 9), Judge Lenard entered a final default judgment for the government on January 14, 2011 (DE 129).  Varnado has since appealed that judgment; her appeal is currently pending before the Eleventh Circuit.  (Case No. 11-10813.)

**II.     Request for Production**

Varnado must comply with the government's request for production in aid of execution of the judgment. Contrary to Varnado's argument, post-judgment discovery may proceed while an appeal is pending; nor is Varnado entitled to a stay or a protective order. Furthermore, the government has followed the correct procedures. Therefore, although the Court will not sanction Varnado at this time because the government's motion to compel was premature, Varnado must comply with the government's request within TEN DAYS of the date of this Order.

**A.     Post-judgment discovery may proceed while an appeal is pending.**

Varnado argues that the Court should deny the government's request for production because her appeal is pending before the Eleventh Circuit. (DE 143 at 2.) But post-judgment discovery may proceed while an appeal is pending.

In *National Service Industries, Inc. v. Vafla Corp.*, the district court granted summary judgment for a plaintiff seeking to recover funds on a defaulted promissory note. 694 F.2d 246, 247-48 (11th Cir. 1982). The defendants refused to respond to the plaintiff's post-judgment interrogatories and requests for production. *Id.* at 249-50. The Eleventh Circuit held that even though the defendants had appealed, the plaintiff could execute the judgment because the defendants had not posted a supersedeas bond or obtained a stay of the judgment. *Id.* at 250. The court continued, "If a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal." *Id.*

Here, Varnado has not posted a supersedeas bond per Federal Rule of Civil Procedure 62(d), and she is not otherwise entitled to a stay, as discussed in the next section. Therefore, the government may execute the judgment and conduct discovery in aid of execution, despite the pending appeal.

**B.     Varnado is not entitled to a stay.**

Without posting a bond, Varnado must persuade the Court that a stay is warranted based on four factors:

(1) whether the movant is likely to prevail on the merits on appeal;
(2) whether, absent a stay, the movant will suffer irreparable damage;
(3) whether the adverse party will suffer substantial harm from the issuance of the stay;
(4) whether the public interest will be served by issuing the stay.

*In re Sw. Recreational Indus., Inc.*, No. 04-40656, 2008 WL 7874256, at *1 (Bankr. N.D. Ga. July 14, 2008) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).  In analyzing these four factors, the Court finds that Varnado has not carried her burden of persuading the Court that it should grant a stay without Varnado's posting a bond as set forth in Federal Rule of Civil Procedure 62(d).

**1.    Varnado has not shown that she is likely to prevail on the merits.**

To establish a likelihood of prevailing on the merits on appeal, the movant must raise "serious, substantial, difficult and doubtful [questions] as to make them fair ground for litigation and for more deliberate inquiry."  *In re Advanced Telecomm. Network, Inc.*, No. 6:10-cv-381-Orl-28, 2011 WL 722766, at *2 (M.D. Fla. Feb. 23, 2011) (quotation omitted).

The only support Varnado offers for her conclusion that she is likely to prevail on the merits of her appeal is that "federal statutory and common law were not adhered thereto."  (DE 143 at 3.)  This generalized supposition, without more, does not establish that Varnado is likely to prevail on appeal.

**2.    Varnado has not shown that she will suffer irreparable harm.**

Varnado cannot show that she will suffer irreparable harm because any harm to Varnado is both speculative and curable through monetary remedies.  An injury is irreparable only if (1) "it

cannot be undone through monetary remedies"; and (2) it is "neither remote nor speculative, but actual and imminent." *In re Advanced Telecomm. Network*, 2011 WL 722766, at *3 (omitting quotation marks and citations).

Varnado's argument seems to be that, because of her dire financial circumstances, she would suffer irreparable harm if the government were to attach her assets. (DE 143 at 3.) Varnado's argument fails for two reasons. First, she has not established that the harm would not be curable by a monetary remedy. And second, she has not shown that the government has attached or is about to attach any of her assets.

### 3. Varnado failed to establish that the government will not suffer substantial harm.

Varnado argues that because of the government's substantial resources, it will not "suffer a financial loss if a stay is granted pending appeal." (DE 143 at 3.) However, the appellee's resources are not at issue in making this determination. Without the security of Varnado's posting a bond, the government risks substantial harm if Varnado's assets are dissipated while the Eleventh Circuit considers her appeal, rendering it unable to collect on its judgment. Varnado has therefore failed to assure the Court that the government will not suffer substantial harm if a stay is granted.

### 4. Issuing a stay will not serve the public interest.

Varnado has not explained how a stay would serve anyone's interests but her own. Indeed, a stay might even frustrate the public interest in expeditious and efficient litigation, as the government would have to wait longer than necessary to execute its judgment in a case that is already nearly four years old.

Varnado's failure to establish any of the above factors militates against the issuance of a stay.

### C. Varnado is not entitled to a protective order.

Varnado is not entitled to a protective order. Varnado argues that the Court should issue a protective order because the government (1) makes fifty-six requests for production when the rules allow only thirty; and (2) requests seven years of records, dating from April 2005, which exceeds the IRS's supposedly usual request of six years of records. These arguments lack merit.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). "In addition to requiring good cause, the district court must balance the interests of those requesting the order." *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quotation omitted). In other words, the Court must balance Varnado's interest in not being burdened against the government's interest in obtaining information about Varnado's assets. *See Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

First, no rule supports Varnado's argument that the government has exceeded its quota of requests. Federal Rule of Civil Procedure 34, the applicable rule, does not limit the number of requests for production a party can make.

Second, Varnado's objection to the time frame of the requests does not amount to good cause. Varnado's argument seems to be that, because the Internal Revenue Service typically requests only six years of financial records, then the government's request for seven years of records is per se excessive. (DE 143 at 2.) Varnado's argument is without merit. She has failed to allege, much less establish, that the government's requests are in any way subjecting her to "annoyance, embarrassment, oppression, or undue burden or expense" warranting a protective order. Fed. R. Civ. P. 26(c)(1). A party may conduct post-judgment discovery to acquire information about the existence of a judgment debtor's assets or any transfers thereof, Fed. R. Civ. P. 69(a)(2), and that is all that the government seeks.

### D. **Varnado's objections lack merit because the government has followed the correct procedures.**

Varnado further argues that the government may not seek discovery in aid of execution because it has not (1) obtained a writ of execution, or (2) followed the applicable Florida discovery rules. (DE 143 at 1-2.) These arguments are meritless.

First, a judgment creditor does not need a writ of execution to conduct discovery in aid of execution. As a court in this district has stated, "[A] writ of execution is applicable to the procedure to collect on a money judgment in Federal Court. However, other traditional processes should take place before such a writ is entered; e.g., discovery in aid of execution and subsequent motions for writ of garnishment." *Harley v. Health Ctr. of Coconut Creek, Inc.*, No. 04-61309-CIV, 2008 WL 1885795, at *2 (S.D. Fla. Apr. 28, 2008).

Second, the Federal Rules of Civil Procedure, and not Florida's procedural rules, apply because the government has elected to conduct post-judgment discovery under the federal rules rather than under the state rules.

"In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules *or* by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added). The choice about which set of procedures to use belongs to the judgment creditor. *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 5082413, at *1 (S.D. Tex. Nov. 25, 2008). Once the judgment creditor clearly chooses one set of procedures, only that set applies. *Id.*

Here, the government chose the Federal Rules of Civil Procedure. For instance, its motion to compel exclusively cites the federal rules. (DE 141.) Therefore, the Federal Rules of Civil Procedure, and not Florida's procedural rules, apply.

      **E.**    **The government filed its motion to compel prematurely.**

The Court will not grant the government's motion to compel, or sanction Varnado at this time, because the government filed its motion to compel prematurely.

The government mailed Varnado its First Request for Production in Aid of Execution (DE 139) on April 5, 2011. Varnado did not respond by May 5, so the government filed its motion to compel the next day. (DE 141.)

But the motion to compel was premature. A party served by mail pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) gets three extra days to act. Fed. R. Civ. P. 6(d). Thus, although the government believed that Varnado had thirty days to respond, she actually had thirty-three days because the government had mailed her its request for production.

The Court thus DENIES the government's Motion to Compel. Varnado, however, must still comply with the government's request for production and therefore is hereby ORDERED to respond within TEN DAYS of the filing of this Order. Varnado's "Motion to Strike" is meaningless in this context and is therefore denied. The Court, instead, construes Varnado's filing as a response to the government's motion to compel and has considered it as such.

**III.**    **Attorneys' Fees.**[1]

As the prevailing party, the government is entitled to the requested attorneys' fees because the fees are reasonable. To determine whether an award of attorneys' fees is appropriate, "[t]he court must multiply the number of hours reasonably expended by a reasonable hourly rate." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).

---

[1] A district court retains jurisdiction over a request for attorneys' fees even after the filing of a notice of appeal. *Rothenberg v. Sec. Mgmt. Co., Inc.*, 677 F.2d 64, 65 (11th Cir. 1982).

The government requests attorneys' fees for eighty-three hours at the rates of $142.80 and $147.08, for a total of $12,030.45. (DE 130, Ex. A.) Having examined the government's Affidavit of Attorney's Fees and the attached exhibit (*id.*), the Court finds that the eighty-three hours of work on this case between February 2008 and February 2010 were reasonably spent, and that the hourly rates were reasonable. Therefore, the government is entitled to $12,030.45 in attorneys' fees.

IV.   **Conclusion**

For the foregoing reasons, the Court hereby:

1. GRANTS the government's Motion for Prevailing Party Attorney's Fees [DE 131];

2. DENIES the government's Motion to Compel Response to Plaintiff's First Request for Production in Aid of Execution [DE 141] but ORDERS Varnado to comply with the government's request for production within TEN DAYS of the filing of this Order;

3. DENIES Varnado's Motion for Protective Order, Stay and Objections to Plaintiff's First Request for Production in Aid of Execution [DE 143]; and

4. DENIES Varnado's Motion to Strike Plaintiff's Motion to Compel in Response to Plaintiff's First Request for Production in Aid of Execution [DE 145].

DONE AND ORDERED in Chambers at Miami, Florida this 29th day of June, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:
Shirley A. Varnado, Pro Se
8442 S.W. 44th Place
Davie, FL 33328