UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61257-CIV-Lenard/Garber

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHIRLEY A. VARNADO, a/k/a
SHIRLEY ANN VARNADO, a/k/a
SHIRLEY A. VARMADO,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court by Order of Reference of United States District Judge Joan A. Lenard. Pursuant to such reference, the Court has received the defendant Shirley A. Varnado's "Motion to Object to Magistrate Garber's Order [DE 162] Quash Plaintiff's Subpoena Duces Tecum to Produce Documents in Aid of Execution at an Oral Deposition." (DE 167). No response has been filed. Because Varnado agreed to appear at the deposition and agreed to bring the requested documents with her to the deposition, she has waived the objections raised and her Motion is therefore DENIED.

Varnado's complaint that she didn't have enough time to gather the requested documents is unavailing. At a hearing before the Court, Varnado's only objections to producing the requested documents were: (1) that she couldn't afford to copy the documents herself (Hr'g Tr., DE 173, 6:7-16); and (2) that she had access only to documents going back four years (rather than the seven years

that the government had requested) (*Id*. at 13:8-14). When the Court explained that the government would copy the documents for her, Varnado agreed to supply the originals to opposing counsel. (*Id*. at 6:17-20.) When the Court concurred with Varnado that documents going back four years would be sufficient, Varnado expressed no further objections. (*Id*. at 13:18.) Thus Varnado's protestation, that it is unreasonable for her to have to produce the documents in six days' time, is unconvincing.

Additionally, Varnado is mistaken about the Court's jurisdiction. Contrary to Varnado's continued assertions, the term "pretrial matter" as referenced in 28 U.S.C. § 636(b), has been liberally construed and has been held to apply to matters, such as the one before the Court, that are determined post judgment. *See, e.g., Robinson v. Eng*, 148 F.R.D. 635, 641 (D. Neb. 1993). That is, a magistrate judge's authority is not limited to matters occurring and ending before trial, but also includes those matters unconnected to issues to be litigated at trial. *U.S. v. Flaherty*, 668 F.2d 566, 586 (1st Cir. 1981). The Court also refers Varnado to 28 U.S.C. § 636(b) which provides that a "magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."

Further, with respect to Varnado's concerns about the Court's authority regarding determinations of contempt, those issues have been addressed by the Court's Certification of Contempt, filed on September 16, 2011. (DE 175.)

Lastly, Varnado's Motion for Emergency Stay Pending Appeal has been denied by the Eleventh Circuit and so any objections based on that are moot. (DE 169.)

Based on the foregoing, the Court hereby

ORDERS that Varnado's "Motion to Object to Magistrate Garber's Order [DE 162] Quash Plaintiff's Subpoena Duces Tecum to Produce Documents in Aid of Execution at an Oral Deposition" (DE 167) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 30th day of September, 2011.

/s/ Barry L. Garber
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:
Shirley A. Varnado, *Pro Se*
8442 S.W. 44th Place
Davie, FL 33328