FILED by\_\_\_\_ D.C.
AUG 31 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

# UNITED STATES DISTRICT COURT
# FOR SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 07-61257-cv-JAL

UNITED STATES OF AMERICA
    Plaintiff,

v.

SHIRLEY A. VARNADO,
    Defendant.
_____/

## **MOTION FOR DISOLUTION OF GARNISHMENT**

Defendant, SHIRLEY A. VARNADO, *Pro Se* hereby, moves for an Order to quash or dismiss the writ of garnishment that was procured without notice against her pension benefits. Pension benefit monies cannot be attached by garnishment; for pension benefits monies do not come within the legal statutory description of property; which may be reached by garnishment. In support thereof Defendant states the following:

1) A writ of garnishment should be dismissed if it involves exempted personal property, such as Defendant's pension benefit monies.

2) A writ of garnishment is subject to dismissal pursuant to irregularities in the legal proceedings, which fail to comply with due process of notice, or lack of statutory authority for said garnishment. Garnishment proceedings are statutory and require strict adherence to procure a garnishment *in rem*.

3) A garnishment is an *in rem* proceeding that places property in "custodial legis," the garnishment provisions are separate and distinguish from provisions for writ of execution and levy.

4) Further, garnishment proceedings are separate from original suit from, which it arose. Hayes v. Pharmacists Mut. Ins. Co. 275 F. Supp. 2d 985 (W. D. Mo. 2003).

*Con't 07-61257-cv-LENARD*

5) The defects in this case are violations of statutory law, procedural due process and were not served on the actual debtor. Defendant was not personally notified of a garnishment proceeding; nor did she receive prior notice of garnishment upon which, she would have claimed exemption and requested a hearing. The Department of Education did not provide a 30-day letter of prior notice before garnishment.

6) Defendant seeks the intervention of this Court to enter an Order to quash the writ of garnishment of her pension benefits procured without notice and is her only source of income. This garnishment creates an extreme financial hardship.

7) Defendant request this court to issue an Order to Cease and Desist Garnishment; and order Plaintiff to return to Defendant all monies collected to date with interest.

8) Further, the monthly garnishment *even if* it was legal is excessive and exceed the maximum aggregate amount as provided by the Consumer Credit Protection Act, (Restrictions on Garnishment) 15 USC § 1673(a)(1).

9) Defendant is a senior citizen and her pension monies are her only source of income, which she utilizes to aid and assist in the dependent care of her elderly mother.

10) Defendant notified Plaintiff via telephone of this motion.

**WHEREFORE,** based upon argument and affidavit attached Defendant respectfully moves for an Order quashing the student loan garnishment, all monies collected to date with interest be returned to her and be reimbursed for cost and any other relief this court may deem proper and just.

Respectfully Submitted,

Shirley A. Varnado
8442 SW 44 PL
Davie, FL 33328
(954)452-5735

*Con't 07-61257-cv-LENARD*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing has been furnished via US Mail to United States Attorney Representative: Steven Davis at 121 Alhambra Plaza, 10th Floor Coral Gables, FL 33134 on this 30th day of August, 2016.



Shirley A. Varnado